THE STATE OF CONNECTICUT *vs.* GEORGE E. SLEEPER.

First Judicial District, Hartford, May Term, 1915.
THAYER, RORABACK, WHEELER, BEACH and GREENE, Js.

A physician accused of manslaughter, committed while attempting to procure an unlawful abortion, was asked by his own attorney near the close of his direct examination whether he had ever been "arrested" or "prosecuted," and answered in the negative. *Held* that such inquiry did not open the door for a cross-examination as to whether the accused had been proceeded against and expelled by the county medical society; and therefore that the trial court erred to the prejudice of the accused in allowing the State's Attorney to pursue that line of questioning and to insinuate that the cause of such expulsion was an operation similar to that then under investigation.

An accused who offers himself as a witness cannot complain of any inquiry upon cross-examination which tends to question his character for veracity.

Alleged errors for which there is no foundation in the record are not properly before this court.

Submitted on briefs May 11th—decided June 10th, 1915.

INFORMATION for manslaughter, brought to the Superior Court in Hartford County and tried to the jury before *Burpee, J.;* verdict and judgment of guilty, and appeal by the accused. *Error and new trial ordered.*

*Spotswood D. Bowers,* for the appellant (the accused).

*Hugh M. Alcorn,* State's Attorney, and *William M. Maltbie,* Assistant State's Attorney, for the appellee (the State).

THAYER, J. The defendant was charged with the crime of manslaughter in having caused the death of one Rosina Bird in an unlawful attempt to procure an abortion upon her.

Of the four assignments of error the first three were abandoned. The fourth, which has been pursued, questions the correctness of the court's action in permitting the State's Attorney, upon cross-examination of the defendant, to examine him concerning his expulsion from the Medical Society. His counsel, in closing his examination in chief, had asked him the following questions: "Have you ever been prosecuted, Doctor? Or arrested?"—to which he answered, "No, sir." Thereupon, in beginning the cross-examination by the State's Attorney, the following occurred:—

"Q. Weren't you prosecuted in the Medical Society?

Mr. Barbour: I object to that.

Mr. Alcorn: I claim it. He has opened the question.

Mr. Barbour: Any hearing before the Medical Society is not a prosecution.

The Court: Admitted.

Mr. Barbour: Note an exception.

Q. Weren't you prosecuted in the Medical Society in the middle of nineteen hundred and ten? A. I did not respond to any communication I had to that effect.

Q. Did you get a summons upon the complaint of Dr. McKnight who is chairman of the Committee on Public Health and Legislation, against you?

Mr. Barbour: I object to that—whether he got a summons to appear on somebody else's complaint.

The Court: The door was opened, in my opinion, by the question put to him whether he had ever been arrested.

Mr. Barbour: Arrested or prosecuted.

The Court: I don't know whether this was a prosecution or not. I don't know what you meant by prosecution when you used the word. I think the door is open now for a reasonable investigation of that phrase.

Mr. Barbour: If your Honor thinks it is admissible

under the words prosecuted or arrested. Your Honor will have an exception noted?

The Court: Certainly.

Q. In response to that summons and complaint of Dr. McKnight, were you prosecuted in the County Medical Society? A. I don't know what they did there.

Q. You knew afterwards you were expelled, didn't you? A. Yes.

Q. You knew what the subject of that investigation was, did you not? A. No, sir.

Q. Weren't you notified it was because of an abortion you had performed on a young woman named McClary, who lived on Albany Avenue? A. No, sir, I did not know that.

Q. You don't know what it was for? A. No, sir.

Q. You didn't try? A. No, sir.

Q. But they served notice on you and you were expelled? A. Yes.

Q. Did you get notice of your expulsion? A. Yes.

Q. From whom did you get it? A. It came from the Society—I don't know who was the Secretary."

The defendant, having offered himself as a witness, could not complain of any inquiry upon cross-examination which tended to question his character for veracity. Manifestly the inquiries complained of were not calculated to question the defendant's general character in this respect, and were not claimed or permitted upon this ground. They were permitted upon the ground that the door for such inquiries had been opened because the witness had been asked whether he had ever been arrested or prosecuted, and had answered that he had not. The cross-examination was proper as tending to contradict the witness, if a proceeding against him in the medical society looking to his expulsion was "a prosecution." It is apparent, from the connection in which the word "prosecuted" was

used in the witness' direct examination, that it was not calculated nor intended to convey to the witness, the court, or the jury, the impression that a proceeding before a medical or other professional or social society was referred to. When one is asked if he has ever been arrested or prosecuted, we can only understand that it is intended to refer to a prosecution before a court of law for a criminal offense. In the present case the jury could have understood only that such a prosecution was referred to. It was wrong, therefore, to permit the State, by a cross-examination, to show by the witness that he had been expelled from the medical society, and to permit the attorney to insinuate by one of his questions that the cause of the expulsion was an operation of the character which is alleged to have resulted in the death for which the defendant is now prosecuted. This must have been most harmful to the defendant.

The defendant complains of improper conduct on the part of the State's Attorney in conducting the examination of the defendant, but no foundation for this claim is raised in the reasons of appeal, or by the finding of facts, and the questions are not properly before us.

There is error and a new trial is ordered.

In this opinion the other judges concurred.